UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION


*Electronically Filed*


| | | |
|---|---|---|
| TRAVELERS PROPERTY CASUALTY | : | |
| COMPANY OF AMERICA | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| CHANDLER C. MATHEWS; | : | CASE NO.  1:18-CV-3911-JMS-TAB |
| GREENS FORK ALIGNMENT & | : | |
| SERVICE INC.; TRICIA CRAWFORD; | : | |
| GVW GROUP LLC; | : | |
| AUTOCAR INDUSTRIES LLC; | : | |
| STATE FARM MUTUAL AUTOMOBILE | : | |
| INSURANCE COMPANY; WEST BEND | : | |
| MUTUAL INSURANCE COMPANY; and | : | |
| LEXINGTON INSURANCE COMPANY | : | |
| | : | |
| Defendants. | : | |


## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Travelers Property Casualty Company of America, by counsel, for its cause of

action against the Defendants, hereby states as follows:


## I. Parties

1.     Plaintiff, Travelers Property Casualty Company of America ("Travelers"), is an

insurer organized under the laws of the State of Connecticut which has its principal place of

business in Hartford, Connecticut.  Travelers is licensed to transact the business of insurance in Indiana and at all material times has transacted such business in Indiana.

2.      Defendant, Chandler C. Mathews ("Mathews"), is a citizen and resident of the State of Indiana.

3.      Defendant, Greens Fork Alignment & Service Inc. ("Greens Fork"), is a corporation organized under the laws of the State of Indiana which has its principal place of business in Centerville, Indiana.

4.      Defendant, Tricia Crawford ("Crawford"), is a citizen and resident of the State of Indiana.

5.      Defendant, GVW Group LLC ("GVW Group") is a limited liability company, whose members are various trusts formed in Illinois.  The trustees in each trust are Illinois residents.  The names of the trusts and their corresponding trustees are identified in the jurisdictional statement filed by GVW Group and Autocar Industries LLC.  Because a motion to seal the jurisdictional statement was granted, the names of the trusts and their trustees are not identified in this pleading.  For purposes of diversity jurisdiction, the members of GVW Group are citizens of Illinois.

6.      Defendant, Autocar Industries LLC ("Autocar"), is a limited liability company whose sole member is another LLC formed in Delaware.  The Delaware LLC's members include a trust, various individuals and a limited partnership.  The trust is an Illinois trust and the trustees are Illinois residents.  The individual members of the Delaware LLC are residents of Alabama, North Carolina, Indiana, Illinois and Florida.  The limited partnership is an Illinois limited partnership and the partners are a Florida resident and the Illinois trust.  The names of Autocar's sole member and of its member's members are identified in the jurisdictional statement filed by GVW Group and Autocar, which is incorporated by reference.  Because a motion to seal the

2

jurisdictional statement was granted, the names of the members and sub-members are not identified in this pleading.  For purposes of diversity jurisdiction, the member and sub-members of Autocar are citizens of Alabama, North Carolina, Indiana, Illinois and Florida.

7.      Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), is a mutual insurance company formed in Illinois, and Illinois law considers domestic mutual insurers to be corporations. See 215 I.L.C.S. Chapter 5 §§ 36 and 44.  State Farm is licensed to transact the business of insurance in Indiana and at all material times has transacted such business in Indiana.  State Farm's principal place of business or "nerve center" is in Bloomington, Illinois, which renders State Farm a citizen of Illinois for purposes of diversity jurisdiction.

8.      Defendant, West Bend Mutual Insurance Company ("West Bend"), is a mutual insurance company formed in Wisconsin, and Wisconsin law considers mutual insurance companies to be corporations. See W.S.A. §§ 611.01, 611.12.  West Bend is licensed to transact the business of insurance in Indiana and at all material times has transacted such business in Indiana.  West Bend's principal place of business or "nerve center" is in West Bend, Wisconsin, which renders West Bend a citizen of Wisconsin for purposes of diversity jurisdiction.

9.      Defendant, Lexington Insurance Company ("Lexington"), is a corporation formed in Delaware.  Lexington is licensed to transact the business of insurance in Indiana and at all material times has transacted such business in Indiana. Lexington's principal place of business or "nerve center" is in Boston, Massachusetts, which renders Lexington a citizen of Massachusetts for purposes of diversity jurisdiction.

10.     This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 for the purpose of determining the rights and legal relations between the parties under the Travelers Policy which rights and legal relations are in genuine controversy as more fully appears below.

## II. Jurisdiction and Venue

11.     Travelers adopts and incorporates by reference the allegations contained in Paragraphs 1 through 10 of this Complaint.

12.     The jurisdiction of this Court is invoked under 28 U.S.C. § 1332(a)(1).   The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00, and is between citizens of different states.

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, and a substantial part of the property that is the subject of the action was situated in this judicial district.

## III. Factual Allegations

14.     Travelers adopts and incorporates by reference the allegations contained in Paragraphs 1 through 13 of this Complaint.

15.     On or about October 13, 2016, Mathews was operating a 2016 Xspotter Terminal Tractor ("Yard Tractor") on Swoveland Road in Wayne County, Indiana when he was involved in a collision with a motor vehicle being driven by Crawford ("Accident").

16.     Crawford sustained various bodily injuries as a result of the Accident.

17.     While operating the Yard Tractor, Mathews was acting in the course and scope of his employment with Greens Fork.

18.     Autocar had manufactured the Yard Tractor which Mathews was operating at the time of the Accident.

19.     Yard Tractors are "terminal tractors" which are intended to move equipment from point to point within a cargo yard or warehouse facility and are intended and designed for use principally off public roadways.

20.     Yard Tractors, including the unit which Chandler was operating during the accident, are not designed or intended for use principally upon public roadways.

21.     At the time of the Accident, the Yard Tractor was in the care, custody and control of Chandler, who was transporting the unit on a public roadway to a Greens Fork facility for inspection.

### IV. The Underlying Lawsuits

22.     Travelers adopts and incorporates by reference the allegations contained in Paragraphs 1 through 21 of this Complaint.

23.     On August 27, 2018, Tricia Crawford filed a Complaint in Wayne County Circuit Court in Indiana, designated as Cause No. 89C01-1808-PL-000046 against Greens Fork, Mathews, and Autocar for damages in connection with the Accident (Exhibit 1).

24.      On October 2, 2018, State Farm filed a Complaint for Damages in Wayne County Superior Court in Indiana, designated as Cause No. 89D02-1810-CT-000043 against Greens Fork and Mathews asserting a subrogation claim for property damage and medical expenses paid on behalf of its insured, Crawford, in connection with the Accident (Exhibit 2).

### V. The Insurance Policies

25.     Travelers adopts and incorporates by reference the allegations contained in Paragraphs 1 through 24 of this Complaint.

26.     On information and belief, West Bend issued a Commercial Lines Insurance Policy to Greens Fork which was in effect on October 3, 2016 and which policy included commercial automobile liability coverage.

27.     On information and belief, Lexington issued a Commercial Lines Insurance Policy to GVW Group which was in effect on October 3, 2016 and which policy included commercial general liability coverage.

28.     Travelers issued a Commercial Lines Insurance Policy containing commercial automobile coverage designated as policy number Y-810-3F77540A-TIL-15 to GVW Group ("Travelers Policy").  The Travelers Policy has a per occurrence limit of $1,000,000.00.  A true and accurate copy of the Travelers Policy is attached hereto and made part of this Complaint as Exhibit 3.

29.     The Travelers Policy provides commercial automobile liability coverage to GVW Group, and to Autocar as an additional insured, with a policy period from December 31, 2015 to December 31, 2016, subject to the specific terms and conditions of the Travelers Policy.

**VI. Declaratory Judgment**

30.     Travelers adopts and incorporates by reference the allegations contained in Paragraphs 1 through 29 of this Complaint.

31.     Mathews and Greens Fork do not qualify as insureds under the terms of the Travelers Policy.

32.     The Yard Tractor which Mathews was operating during the Accident is not a covered auto under the terms of the Travelers Policy and therefore, no coverage is owed to GVW Group, Autocar, Mathews or Greens Fork in relation to the underlying lawsuits or the Accident.

33.     The relevant and applicable portions of the Travelers Policy read as follows:

## SECTION II – LIABILITY COVERAGE

**A.**     **Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance, or use of a covered "auto".

…

**1.**     **Who Is An Insured**

The following are "insureds":

a.     You for any covered "auto".

b.     Anyone else while using your auto with your permission a covered "auto" you own, hire or borrow except:

(3)     Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

…

## SECTION V– DEFINITIONS

**B.**     "Auto" means:

1.     A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or

2.     Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.
However, "auto" does not include "mobile equipment."

**K.**     "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

1.      Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads.

34.      Since Mathews was operating the Yard Tractor, owned by Autocar, in the course and scope of his employment with Greens Fork at the time of the Accident and was operating the unit in furtherance of Greens Fork's business, neither Mathews nor Greens Fork qualifies as an "insured" under the terms of the Travelers Policy.

35.      The Yard Tractor operated by Mathews was designed for use principally off public roads and therefore does not qualify as a covered "auto" under the Travelers Policy because it is "mobile equipment".

36.      There is no coverage under the Travelers Policy for Mathews, Greens Fork, GVW Group, Autocar and/or the Accident.

37.      West Bend, through counsel, has tendered the defense and indemnity of Mathews and Greens Fork in both underlying lawsuits to Travelers.

38.      GVW Group has sought defense and indemnity from Travelers for Autocar in relation to the underlying suit filed by Crawford, and Travelers is currently providing a defense and indemnity to Autocar under a full reservation of rights.

39.      On information and belief, Lexington has declined to provide coverage under its commercial general liability policy issued to GVW Group and has stated its belief that Travelers Policy should respond.

40.      After completing its investigation, Travelers determined that no coverage exists for the Accident for Mathews or Greens Fork under the terms and conditions of the Travelers Policy and has declined the tenders made by West Bend on behalf of Mathews and Greens Fork.

41.     An actual controversy exists between the parties hereto concerning whether Travelers has a duty to defend and indemnify Mathews, Greens Fork and Autocar in relation to the underlying lawsuits and whether GVW Group is entitled to physical damage coverage for the Yard Tractor.

WHEREFORE, Travelers Property Casualty Company of America, requests that the Court enter a declaratory judgment against Defendants, Chandler C. Mathews, Greens Fork Alignment & Service Inc., Tricia Crawford, Autocar Industries LLC, GWV Group LLC, West Bend Mutual Insurance Company, State Farm Mutual Automobile Insurance Company and Lexington Insurance Company, declaring the respective rights, status and legal obligations of Plaintiff and Defendants, and holding as follows:

a.     Mathews and Greens Fork are not "insureds" under the Travelers Policy; therefore, the Travelers Policy does not provide any coverage to Mathews or Greens Fork for the Accident.

b.     The Yard Tractor operated by Mathews at the time of the Accident is not a covered "auto" under the terms of Travelers Policy.

c.     Autocar is not entitled to a defense or indemnity from Travelers in relation to the underlying lawsuits and the Accident.

d.     GVW Group is not entitled to physical damage coverage for the Yard Tractor operated by Mathews at the time of the Accident because the Yard Tractor is not a covered "auto" under the terms of Travelers Policy.

e.     Travelers is not liable to defend or indemnify Autocar, Mathews or Greens Fork for any judgment that may be entered against any of them in the underlying lawsuits.

9

       f.      Plaintiff is entitled to recover the costs of this declaratory judgment action and all other appropriate relief.

                                         Respectfully Submitted,

                                         ***/s/ Stephen C. Keller***

                                        _____

                                        Stephen C. Keller, Esq.
                                        Michael S. Maloney, Esq.
                                        SCHILLER BARNES MALONEY PLLC
                                        401 W. Main Street, Suite 1600
                                        Louisville, KY 40202
                                        Tel. 502-625-1694
                                        Fax 502-779-9349
                                        skeller@sbmkylaw.com
                                        mmaloney@sbmkylaw.com
                                        *Counsel for Plaintiff, Travelers Property Casualty Company of America*