UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, ) ) ) Plaintiff, ) ) v. ) ) WEST BEND MUTUAL INSURANCE ) COMPANY, ) ) Defendant. ) | No. 1:18-cv-03911-JMS-TAB |

**ORDER ON PLAINTIFF'S MOTION TO FILE CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE UNDER SEAL**

**I.     Introduction**

This matter is before the Court on Plaintiff Travelers Property Casualty Company of America ("Travelers")'s motion to file a confidential settlement agreement and release under seal. [Filing No. 125]. Travelers notes that Defendant West Bend Mutual Insurance Company ("West Bend") does not oppose the motion. Additionally, Travelers contends that good cause exists to file the agreement under seal because confidentiality is a key term in the agreement and disclosing its contents would violate both the terms of the agreement and the privacy interests of non-parties. [Filing No. 125, at ECF p. 1-2.] For reasons stated below, Traveler's motion is granted. However, Travelers has filed the agreement as an exhibit to its motion for summary judgment because it seeks the Court's interpretation of a portion of it. Thus, the Court may wish to reconsider whether the settlement agreement, in whole or in part, can remain confidential when addressing the motion for summary judgment.

**II.     Background**

Travelers filed the confidential settlement agreement and release under seal as an exhibit [Filing No. 124] to their motion for summary judgment [Filing No. 123]. In the summary judgment motion, Travelers asks the Court to resolve certain insurance-coverage issues. [Filing No. 123, at ECF p. 3.] Travelers notes in its motion to maintain the settlement agreement and release under seal that a portion of the summary judgment motion will argue that

> the terms of a confidential settlement agreement between Travelers, West Bend Mutual Insurance Company, and multiple non-parties preclude West Bend's claim against Travelers for reimbursement of defense costs paid by West Bend on behalf of its insureds, Chandler Mathews ("Mathews") and Greens Fork Alignment & Service, Inc. ("Greens Fork"), in connection with an underlying state action.

[Filing No. 125, at ECF p. 1.] And in the motion for summary judgment, Travelers states that it seeks a declaration that "the terms of the Insurer-Insured Release and Settlement Agreement signed by West Bend preclude West Bend from seeking reimbursement from Travelers for defense costs paid for Mathews and Greens Fork in the Crawford Suit." [Filing No. 123, at ECF p. 3.]

**III.    Discussion**

The Court recognizes the confidential nature of this—and most—settlement agreements. Thus, Travelers sets forth good cause for maintaining the agreement under seal at this time. However, the Court may later wish to reconsider whether the settlement agreement, in whole or in part, can remain confidential when the Court addresses the motion for summary judgment. The more significance the settlement agreement has to the outcome of the summary judgment motion, the more the case law provides that the agreement cannot remain confidential. *See, e.g., Goesel v. Boley Int'l*, 738 F.3d 831, 833-34 (7th Cir. 2013) ("[M]ost settlement agreements never show up in a judicial record and so are not subject to the right of public access. . . . [F]or the

2

most part settlement terms are of potential public interest only when judicial approval of the terms is required, or they become an issue in a subsequent lawsuit, or the settlement is sought to be enforced."); *Herrnreiter v. Chicago Hous. Auth.*, 281 F.3d 634, 636 (7th Cir. 2002) ("A settlement agreement is a contract, and when parties to a contract ask a court to interpret and enforce their agreement, the contract enters the record of the case and thus becomes available to the public, unless it contains information such as trade secrets that may legitimately be kept confidential."); *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000) ("Calling a settlement confidential does not make it a trade secret, any more than calling an executive's salary confidential would require a judge to close proceedings if a dispute erupted about payment (or termination).").

**IV.     Conclusion**

Accordingly, for the reasons stated above, Traveler's motion to maintain the settlement agreement and release under seal [Filing No. 125] is granted. However, if the Court later finds that the content of the settlement agreement is integral in addressing the motion for summary judgment, the Court may wish to reconsider whether the settlement agreement can remain under seal.

Date: 4/15/2020

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

3